**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

Courtesy Copy
Original Filed via ECF

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 07 2019 ★

LONG ISLAND OFFICE

---

**SECURITIES AND EXCHANGE COMMISSION,**

Plaintiff,

v.

**MICHAEL QUIGLEY and BRIAN QUIGLEY,**

Defendants.

17-cv-04695 (SJF) (AKT)

ECF Case

---

**FINAL JUDGMENT AS TO MICHAEL QUIGLEY**

The Court having reviewed the motion by plaintiff Securities and Exchange Commission ("Commission") for a default judgment against defendant Michael Quigley, including the Commission's memorandum of law in support of the motion, the Declaration of Chevon Walker dated December 7, 2018 and the exhibits annexed thereto, the docket entries and all submissions in this action, and based on the findings of the Court, with no opposition having been submitted, for good cause shown:

**I.**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that defendant Michael Quigley is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

Case 2:17-cv-04695-SJF-AKT   Document 32-15   Filed 12/07/18   Page 2 of 5 PageID #: 213

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) defendant Michael Quigley's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Michael Quigley or with anyone described in clause (a) of this sentence.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Michael Quigley is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) defendant Michael Quigley's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with defendant Michael Quigley or with anyone described in clause (a) of this sentence.

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that defendant Michael Quigley is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

### IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that defendant Michael Quigley is liable for disgorgement of $18,114, representing ill-gotten gains received as a result of violations alleged in the Complaint, together with prejudgment interest thereon in the amount of $4,453, and that he shall pay a civil monetary penalty in the amount of $ _18,114.00_ pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant Michael Quigley shall satisfy this obligation by paying $ _40,681.00_ to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant Michael Quigley may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also

be made directly from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendant Michael Quigley may also pay by

certified check, bank cashier's check, or United States postal money order payable to the

Securities and Exchange Commission, which shall be delivered or mailed to

>   Enterprise Services Center
>   Accounts Receivable Branch
>   6500 South MacArthur Boulevard
>   Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Michael Quigley as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant Michael Quigley shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, defendant Michael Quigley relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to defendant Michael Quigley.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Defendant Michael Quigley shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

The Clerk of the Court shall close this case.

Dated: January 7, 2019

s/ Sandra J. Feuerstein

---
HON. SANDRA J. FEUERSTEIN
UNITED STATES DISTRICT COURT JUDGE